114

HEIRS OF SATURNINA JUARBE, Plaintiffs and Appellants, *v.* VICENTE AMADOR PÉREZ, Defendant and Appellee, and MERCEDES AND ASUNCIÓN ABRIL, summoned in eviction, Appellees.

No. 4922. Argued May 26, 1930.—Decided June 3, 1930.

*Leopoldo Tormes* and *E. Ramos Antonini* for appellants. *A. García Ducós* for defendant-appellee. *E. González Mena* for appellees, summoned in eviction.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

This is the third time that a dismissal of this appeal·is sought.

We note that on April 28, 1930, an order was made in the present case granting to the appellants an extension of time to May 10, 1930, for filing the transcript of the record, which appears to have been filed on the latter date.

Now it is asked, by a motion filed in the office of the secretary of this court on May 12, 1930, that the statement of the case and the judgment-roll herein be striken out, on the ground that the certification thereof is null and void. The petitioner alleges that on the 29th of February last the appellants filed in the District Court of Aguadilla a motion, which was not notified to the adverse party, seeking the benefit of insolvency for the purpose of filing in this court the transcript of the record, certified by the clerk of the District Court of Aguadilla free of charge, which motion

was granted and a certificate ordered issued accordingly by the clerk. The petitioner contends that the district court had no power to make such an order, which is claimed to be invalid and to render void and of no effect the transcript of the record and statement of the case certified to by the clerk without the payment of any fees. The petitioner invokes section 7 of Act No. 17 of March 11, 1915, and our decisions in *Nazario* v. *Santos*, 27 P.R.R. 83; *Paz* v. *Bonet*, 31 P.R.R. 151, and *Delgado* v. *Cárdenas*, 34 P.R.R. 233, and in the case of *Eleuteria Nieves* v. *District Court of Aguadilla*, 40 P.R.R. 755, recently decided. Based on these contentions it is sought to have the transcript stricken out and the appeal dismissed.

The appellants have opposed the motions on the ground that the lower court had power to permit them to litigate as insolvents and the clerk likewise to issue the certification complained of, citing the case of *Rosado* v. *American Railroad Co.*, 37 P.R.R. 581.

Some stress seems to have been laid upon the theory that under the act cited the benefit of insolvency may only be applied for at the commencement of the suit. Perhaps further cases will arise where it will be necessary to apply for such benefit at the termination of the action. It seems to us, however, that it is not beyond the authority of judges to grant it as the necessity arises. This is logical and in accord with the purpose sought by the law, namely, to aid the needy and to make the administration of justice equally accessible to all.

The motions to strike out and for dismissal will be denied.